**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EPIC! CREATIONS, INC., *et al.*,[1] | Case No. 24-11161 (JTD) |
| Debtors. | (Jointly Administered) |
| Claudia Z. Springer, Chapter 11 Trustee, | Adv. Pro. No. _____ (JTD) |
| Plaintiff, | (Jointly Administered) |
| vs. | |
| Voizzit Technology Private Ltd., Voizzit Information Technology LLC, Think and Learn Pvt. Ltd., and Rajendran Vellapalath, | |
| Defendants. | |

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER,**
**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF,**
**AND TO ENFORCE THE AUTOMATIC STAY**

Claudia Z. Springer, not individually but as the Chapter 11 Trustee (the "Trustee") of the

estates (the "Estates") of Epic! Creations, Inc. ("Epic"), Neuron Fuel, Inc. ("Neuron Fuel"), and

Tangible Play, Inc. ("Tangible Play," and together with Epic and Neuron Fuel, the "Debtors")

through counsel, for her complaint against Voizzit Technology Pvt. Ltd. ("Voizzit India"), Voizzit

Information Technology LLC ("Voizzit UAE"), Rajendran Vellapalath (together with Voizzit

India and Voizzit UAE, the "Voizzit Defendants"), and Think & Learn Pte. Ltd. ("T&L," together

with the Voizzit Defendants, the "Defendants"), and alleges as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Epic! Creations, Inc. (9113); Neuron Fuel, Inc. (8758); and Tangible Play, Inc. (9331).

## OVERVIEW

1.     The Trustee is again before this Court with a request for emergency relief because the Defendants continue to arrogantly defy this Court, its orders, and the automatic stay. This time around they have filed proceedings in India asking a court there to issue a "temporary prohibitory injunction" restraining the Chapter 11 Trustee, among other defendants, from "interfering" with the Voizzit Defendants' attempt to access what is *Estate property*, the www.getepic.com and www.playosmo.com domains and "all other ancillary web sites and applications." (*See* **Exhibit A** hereto, the "India Complaint").[2]  The Voizzit Defendants named the Trustee along with Google India Pvt. Ltd., Amazon India Pvt. Ltd., Microsoft Corporation (India) Pvt. Ltd., Stripe Payment India Pvt. Ltd., and Apple India Pvt. Ltd. in the India Complaint, yet make no mention of the various Orders this Court has entered barring Defendants from accessing or seeking to control these platforms or engaging in further violations of the automatic stay.

2.     It appears that the Voizzit Defendants filed their end run around this Court's jurisdiction over the Estates' property on November 20, 2024, at a time in which they were represented by United States bankruptcy counsel, who was telling the Court in its filings that his clients understood that they were bound by the automatic stay and would not commit any further stay violations. [*See* D.I. 288 at ¶43.] Indeed, by the time they had filed the India Complaint, the Voizzit Defendants were the subject of two orders of this Court commanding them to cease and desist with their stay violations. [D.I. 276; Adv. 24-50233, D.I. 14.] And the very next day after

---

[2] The document attached as the "India Complaint" was sent to Apple. The Trustee has not been served with or received any similar documents, and it appears from reading the India Complaint that there may be other associated papers with that.  The Trustee will supplement **Exhibit A** if she receives additional related documents.

they had filed the India Complaint, without this Court's permission, on November 21, 2024, this

Court admonished them:

> I will say on the record that I am gravely disturbed by the testimony that I heard today both, about witness tampering and about actions being taken to take assets from these debtors after I entered my order saying that that should not happen. I think I am to a point where I am going to have to make a reference to the U.S. Attorney's Office, especially about the witness tampering. That's a major issue.

[D.I. 338 at 92.]

3.    During the December 3, 2024 hearing at which this Court allowed Defendant

Vellapalath to speak on his own behalf, this Court was "abudently clear that: "[t]he only person

who controls these companies is the Chapter 11 Trustee. Not [Defendant Vellapalath], not Voizzit,

not anybody else." [D.I. 366 at 68.]

4.    Despite this Court's admonishments, at no time did anyone, including Defendant

Vellapalath or counsel for the Voizzit Defendants, advise this Court that the Defendants had filed

the India Complaint. [*See generally* D.I. 366.]

5.    Given this egregious misconduct, the Trustee again seeks entry of an order

enjoining Defendants from proceeding with the India Complaint or any other filings in any other

jurisdictions around the world concerning the Trustee, the Debtors, or any Estate property.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated as of February 29, 2012, because this matter arises in, arises under, and is related

to the above-captioned bankruptcy cases.

7.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A),(E),

and (O). The Trustee consents, pursuant to Local Rule 9013-1(f), to the entry of a final order by

the Court in connection with this Adversary Proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.    The Trustee commences this adversary proceeding in accordance with Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure and Rule 65 of the Federal Rules of Civil Procedure.

### THE PARTIES

10.    The Trustee is the duly appointed chapter 11 Trustee in the above captioned cases. [D.I. 180]

11.    Upon information and belief, Defendant Voizzit India is an India-based private limited company.

12.    Upon information and belief, Defendant Voizzit UAE is a Dubai-based limited liability company.

13.    Upon information and belief, Defendant Think and Learn Pvt Ltd is an India-based private limited company.

14.    Upon information and belief, Defendant Rajendran Vellapalath is a resident of Dubai and is the founder, owner and managing director of Voizzit India and Voizzit UAE.

### GENERAL ALLEGATIONS

15.    On June 4 and 5, 2024 (the "Petition Dates"), GLAS Trust Company LLC, in its capacity as administrative and collateral agent under the Credit Agreement, and certain lenders under the Credit Agreement (the "Prepetition Lenders") filed an involuntary chapter 11 petition against each Debtor, commencing these cases (the "Chapter 11 Cases"). [D.I. 1].

16.     As a result of the involuntary petitions, an estate was created pursuant to 11 U.S.C. §541(a), of all of the Debtors' legal or equitable interests in property, wherever located and by whomever held.  As of the Petition Date, this property included the Debtors' www.getepic.com and www.playosmo.com domains and all of their interests in the Apple, Google, GitHub, Cloudflare, Amazon, Stripe, and other websites, platforms, and applications.

17.     On June 27, 2024, this Court entered an order directing joint administration of the Debtors' cases for procedural purposes. [D.I. 61].

18.     On June 27, 2024, this Court also entered its Section 303(f) Order prohibiting the Debtors from transferring any of their respective property interests outside the ordinary course of business until the Court ruled on the involuntary petitions. The 303(f) Order also required the Debtors to provide weekly financial reports to the petitioning creditors disclosing all disbursements of estate funds. [D.I. 69].

19.     On September 16, 2024 (the "Order for Relief Date"), this Court entered an order for relief in the Debtors' involuntary chapter 11 cases and directed the appointment of a chapter 11 trustee. [D.I. 147].

20.     On September 23, 2024, the United States Trustee for Region 3 duly appointed Claudia Z. Springer as chapter 11 trustee of each Debtor, subject to approval by the Court. [D.I. 152]. On October 7, 2024, this Court entered an order approving the appointment of the Trustee. [D.I. 180].

21.     Immediately following the Trustee's appointment, Defendants began to systematically loot the Debtors' estates with the assistance of Vinay Ravindra, the Chief Content Officer of Defendant Think & Learn and former CEO of Epic and Tangible Play. As a result, the Trustee has spent the last two and a half months seeking to unwind these stay violations.

### A. Stripe Stay Violations

22.     On or about September 26, 2024, and October 1, 2024, Mr. Ravindra transferred $201,565.07 and $9,999.00 from the Debtors' Stripe account to the Debtors' non-debtor affiliate, Whitehat Education Technology LLC. [Adv.24-50142, D.I. 1.]

23.     The next day, on September 27, 2024, Mr. Ravindra attempted to transfer control of Epic's Stripe account to Voizzit UAE.

24.     The Trustee discovered these transfers on or about October 8, 2024 and sought emergency relief from this Court. Later that same day, on October 8, 2024, this Court entered its *Order Granting Chapter 11 Trustee's Emergency Motion for Entry of a Temporary Injunction*. [*Id.* at D.I. 9 (the "Stripe Order").]   The Stripe Order enjoined all persons from "accepting, authorizing, or implementing any changes to the Debtors' Stripe's accounts…" [*Id.* at ¶ 1.] The Court subsequently entered a preliminary injunction continuing its temporary injunctions. [*Id.* at D.I. 20.]

### B. Apple Account Stay Violations.

25.     On September 26, 2024, Mr. Ravindra transferred control of the Epic application from the Epic Apple account to Voizzit India's Apple account.

26.     On October 3, 2024, Defendants transferred $1,049,044 from the Epic Apple account to Voizzit UAE's bank account at Emirates Islamic Bank in Dubai.

27.     On October 14, 2024, Mr. Ravindra transferred control of the Tangible Play applications from the Tangible Play Apple account to Voizzit India's Apple account.

28.     Also on October 14, 2024, Defendants transferred $14,719.74 from the Tangible Play Apple account to Voizzit UAE's bank account at Emirates Islamic Bank in Dubai.

29.     On or about November 1, 2024, the Trustee learned that Defendants had taken the Debtors' applications from their Apple accounts. On November 4, 2024, she filed her *Emergency Motion For Entry Of An Order (I) Enforcing The Automatic Stay, (II) Declaring Violations Of The Automatic Stay To be Void Ab Initio, (III) Awarding Fees, Expenses, and Punitive Damages, And (IV) Granting Related Relief.* [D.I. 244.]

30.     On November 12, 2024, this Court entered its *Order Granting In Part Emergency Motion For Entry Of An Order (I) Enforcing The Automatic Stay, (II) Declaring Violations Of The Automatic Stay To be Void Ab Initio, (III) Awarding Fees, Expenses, and Punitive Damages, And (IV) Granting Related Relief.* [D.I. 276, ("Apple Stay Order").] The Apple Stay Order found that the Defendants violated the automatic stay when they took control over the Debtors' Apple applications and ordered that:

> [t]he Voizzit Entities and their affiliates, successors, assigns, agents, and related parties *are expressly prohibited from taking or causing others to take any actions in violation of 11 U.S.C. § 362(a)*, including any actions to assert ownership over the Debtors' Apps or the funds collected from the sale of the Debtors' Apps.

[*Id*. ¶6 (emphasis added).] The Court also scheduled a hearing for November 21, 2024 to assess appropriate damages. [*Id*. ¶5.] The Court currently has the request for damages under advisement.

### C. Google Stay Violations

31.     On or about September 16, 2024, user jiny.thattail@getepic.com granted Mr. Ravindra administrative control over the Debtors' Google Workstation, Cloud, and Play Store accounts. On September 25, 2024, Mr. Ravindra granted user techadmin@voizzit.com access to the accounts as an Organization Administrator. On September 26, 2024, user techadmin@voizzit.com changed the accounts policies to allow for projects to be moved out of

the getepic.com organization. Later that day, the Debtors' projects were moved to a Voizzit Google account.

32.     On or about November 11, 2024, the Trustee discovered Defendants' taking of the Google accounts. After attempting to resolve certain questions with Google unsuccessfully, on November 18, 2024, the Trustee filed lawsuit against Google, Mr. Ravindra, and the Defendants. [Adv. 24-50233, D.I. 1.]

33.     On November 19, 2024, this Court entered its *Order Granting Chapter 11 Trustee's Emergency Motion for Entry of a Temporary Injunction.* [*Id*. at D.I. 14 (the "Google Order").] The Google Order enjoined all persons from:

> the Voizzit Defendants, and all persons acting in concert with any of them, are enjoined from exercising ownership over, or transferring to any party other than the Trustee, the Debtors' applications, data, project, funds, or any other information or property of the Estates, or from taking any action to impair in any way the applications, data, projects, funds, or any other information or property of the Estates, including but not limited to deleting any information or metadata.

[*Id*. at D.I. 14 ¶ 4.] The Court subsequently entered a preliminary injunction continuing its injunctions and it also issued a rule to show cause why Defendants should not be held in contempt for their failure to comply with the Google Order. [*Id*. at D.I. 42, 39.] The rule to show cause is returnable on January 13, 2024. [*Id.* at D.I. 39.]

### D.  Cloudflare Stay Violations

34.     On November 15, 2024, while the request for damages for the Google and Apple stay violations were pending, Mr. Ravindra used his T&L email address (vinay@byjus.com) to access Tangible Play's Cloudflare account. Once in the account, he granted access to the account to kavitha@indiafirst.com. India First is a Voizzit-related entity. On November 17, 2024,

kavitha@indiafirst.com transferred Tangible Play's playosmo.com domain out of Tangible Play's Cloudflare account to an account under the control of "kavitha@voizzit.com."

35.     The Cloudflare account hosts Tangible Play's playosmo.com website. As a result of these actions, the playosmo.com website crashed, resulting in a considerable number of schools that use Tangible Play's apps reaching out to complain about a lack of access to the Tangible Play programs. As a result of these complaints, the Trustee contacted Cloudflare to determine what was happening and, by working with Cloudflare, was able to regain control over the Tangible Play accounts and playosmo.com domain on November 21, 2024.

### E.   GitHub Stay Violations

36.     On or around October 29, 2024, the Trustee was informed by the Debtors' employees that all of Tangible Play's source code on GitHub, a software code development, management, and storage platform, had been transferred to an unknown unknown GitHub account named "edunest-tp." That same day, the Trustee's counsel sent an email to GitHub's chief legal officer to notify GitHub of the Debtors' chapter 11 cases, the Trustee's appointment, and the unauthorized removal of Tangible Play's software code. On November 1, 2024, GitHub's legal department confirmed it had placed a legal hold on both Tangible Play's and the "edunest-tp" account and that it was investigating the issue further.

37.     On November 7, 2024, GitHub informed the Trustee that all 72 of Epic's source code repositories were transferred to an "edunest-ep" account on September 24, 2024 and that all 321 of Tangible Play's repositories were transferred to an "edunest-tp" account on October 14, 2024. GitHub also confirmed that it had locked all of the Debtors' repositories pending a resolution of this issue.

38.     On November 11, 2024, GitHub further informed the Trustee that an unknown user named "edutechplus" carried out both sets of transfers, and that the "edutechplus" user also controlled both the "edunest-ep" and "edunest-ep" accounts. On information and belief, the Voizzit Defendants or related entities own and/or control each of these accounts.

### F.  The India Complaint.

39.     On November 20, 2024, one day before the hearing on damages for the Apple stay violations, the Voizzit Defendants filed the India Complaint. In addition to naming the Trustee, the India Complaint names Google India Pvt. Ltd., Amazon India Pvt. Ltd., Microsoft Corporation (India) Pvt. Ltd., Stripe Payment India Pvt. Ltd., and Apple India Pvt. Ltd.

40.     The India Complaint seeks a temporary prohibitory injunction "restraining the respondents [Google India Pvt Ltd, Amazon India Pvt Ltd, Microsoft Corporation (India) Pvt Ltd., Stripe Payment India Pvt. Ltd, and Apple India Pvt Ltd.] from interfering with the access of the [Voizzit Defendants] to the domain websites www.getepic.com and www.playosmo.com—assets this Court has explained are to be exclusively controlled by the Trustee. (*See* Ex. A at Petition for Temporary Prohibitory Injunction.)

41.     The India Complaint also goes further and seeks to enjoin the Trustee's access to and control of "all other ancillary web sites and applications." (*Id.*) But as this Court has recognized time and again, all of the Debtors' assets are controlled by the Trustee, not Defendant Vellepalath, Voizzit, or anyone else.  [D.I. 366 at 68.]  As a result, this latest attempt to interfere with and relitigate the scope of the Trustee's mandate is simply a broader violation of the automatic stay.

42.     On December 9, 2024, Apple's counsel sent the Trustee a copy of the India Complaint. These documents indicate that a hearing may have been held on December 4, 2024

before the Honorable Commercial Court of Ernakulam. The Trustee has not been served with the India Complaint.

43.     The Voizzit Defendants did not seek permission of this Court to file the India Complaint. On November 21 and December 3, 2024, this Court held hearings in connection with the Apple Stay Order and the Google Order. Defendant Vellapalath along with other employees of the Voizzit Defendants appeared via Zoom at these hearings. No one advised the Court, including the Voizzit Defendants' Defendants' U.S. counsel, about the filing of the India Complaint during either of these hearings or otherwise.

## FIRST CLAIM FOR RELIEF

### (Temporary, Preliminary, and Permanent Injunction)

44.     The Trustee repeats and realleges paragraphs 1-43, inclusive, as if fully set forth herein.

45.     The Voizzit Defendants' India Complaint seeks to exercise control over property of the estates and to obtain possession of such property in violation of 11 U.S.C. § 362(a)(3).

46.     The Trustee is entitled to a temporary restraining order, preliminary injunction and permanent injunction enjoining the Defendants and all persons acting in concert or participation with the Defendants from continuing to prosecute the India Complaint. In addition, the Trustee requests that such injunction order the Defendants to immediately dismiss the India Complaint.

47.     The Trustee and the Estates will be irreparably harmed if the requested relief is not granted because the India Complaint violates the automatic stay and creates confusion over the ownership and control over property of these Estates.

48.     Furthermore, access and control of the Estates' domains is essential to maintaining the value of the Estates and managing the Debtors' ongoing business operations.

11

49.     The injury to the Estates of not granting preliminary injunctive relief outweighs whatever damage the proposed injunction may cause the Defendants who have no legal right to the Estates' property.

50.     In light of the foregoing and the present facts, and the potential for more damage to the Estates and harm to the Debtors' creditors, the balancing of the equities strongly favors entry of the requested preliminary injunction.

## SECOND CLAIM FOR RELIEF

### (Violation of the Automatic Stay Under 11 U.S.C. § 362)

51.     The Trustee repeats and realleges paragraphs 1-43, inclusive, as if fully set forth herein.

52.     Each of the acts taken by the Defendants with respect to the India Complaint constitute an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and therefore violated 11 U.S.C. § 362(a)(3).

53.     Such violations of the bankruptcy stay were willful because the Defendants had actual notice of these Chapter 11 Cases and the Trustee' appointment.

54.     Each Defendant should therefore be liable for actual and punitive damages for willfully violating the automatic stay.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for judgment as follows:

(a)     A temporary restraining order, preliminary injunction, and a permanent injunction enjoining Defendants and all persons acting in concert with Defendants: (i) from continuing to prosecute the India Complaint or any other lawsuit in any other jurisdiction seeking to exercise any control over the Debtors' property. In addition, the Trustee requests that such temporary

restraining order and such injunction order Defendants to dismiss the India Action.

(b)     Entry of judgment against each Defendant for actual and punitive damages in amounts to be determined at trial on account of such Defendant's respective willful violation(s) of the automatic stay;

(c)     Pre- and post-judgment interest up to the statutory maximum;

(d)     For cost of suit and such other and further relief as the Court may deem just and proper; and

(e)     For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Wilmington, Delaware<br>December 10, 2024 | */s/ Joseph C. Barsalona II*<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>Henry J. Jaffe (DE Bar No. 2987)<br>Joseph C. Barsalona II (DE Bar No. 6102)<br>Pashman Stein Walder Hayden, P.C.<br>824 North Market Street, Suite 800<br>Wilmington, DE 07601<br>Telephone: (302) 592-6497<br>jbarsalona@pashmanstein.com<br><br>-and-<br><br>**JENNER & BLOCK LLP**<br>Catherine Steege (admitted *pro hac vice*)<br>Melissa Root (admitted *pro hac vice*)<br>William A. Williams (admitted *pro hac vice*)<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>Telephone: (312) 923-2952<br>csteege@jenner.com<br>mroot@jenner.com<br>wwilliams@jenner.com<br><br>*Counsel to the Chapter 11 Trustee* |