**<u>EXHIBIT A</u>**

Ellm Lombard Court

C-S 118/24        Sub - IV

DI              A3422/24, 1A3/24,
From            A-3423/24, 1A2/2014
                HS-41/2-2014
CENTRAL NAZIR
DISTRICT COURT              D2295/24
ERNAKULAM
KOCHI. 682011

Speed post satis 019

To

APPLE INDIA PVT LTD
19th Floor, Concorde Towers,
UB City, M:241, Vittal Mallya Road
Bengaluru - 56000)
Rep. by its Managing Director

EL580804351IN

Hg 4/12/2024 IV

## NOTICE TO SHOW CAUSE (GENERAL FORM)

BEFORE THE Hon'ble Commercial COURT OF Ernakulam

I.A. No. 02 OF/20 24    in C.S. 128 of 20 24

Petitioners : Voizzit Technology Pvt-Ltd & another

Respondents : R7. Apple India pvt.Ltd.
19th Floor, Concorde Tower C,
UB City Nr 24, Vittal Mallya Road,
Bengaluru – 56001, rep by its

To                                              Managing Director

Whereas the above named                                              has
made application to this court that

You are hereby warned to appear in this court in person or by a
pleader duly instructed on the 4th

day of December 20 24 at 11'O clock in the forenoon
to show cause against the application, failing where in the said application
will be heard and determined as exparte.

Given under my hand the seal of the court, this the
22 day of November 20 24

Advocate                                   By Order

Ernakulam                                  26/11/24

2.11.2024                                   Central Nazir

RP    IV

Elens commercial court

C-S. 128 /2024

02

A
34 22 my 21/11/24

White to RJ

Hg — 4/12/2024

Sreekumar. G. chelur
Advocate

## BEFORE THE HONOURABLE COMMERCIAL COURT
## AT ERNAKULAM

### C.S.No.        of 2024

Voizzit Technology Pvt. Ltd & anr          :          Plaintiff

Vs

Think and Learn Pvt Ltd & others          :          Defendants

### AFFIDAVIT

I, Rajendran Vellappalath, Aged 51 years, S/o Balakrishnan Nair, Managing Director, Voizzit Technology Pvt. Ltd, 48/1391, 1C, Plumflower, Mather Constructions Pvt Ltd, Opposite Gold Souk, Vyttila, Ernakulam, Kerala, India, 682019, residing at Vellappalath House, Kanniparamba P.O, Mavoor Via, Kozhikode, Kerala, Pin – 673661, do hereby solemnly affirm and state as follows:

1. I am the Managing Director of the 1st and 2nd plaintiffs in the above suit. I am conversant with the facts of the case and I am competent to swear to this affidavit.

2. The above suit has been filed by the plaintiffs 1 and 2 have the absolute title and ownership over the domains and websites www.getepic.com and www.playosmo.com; Issue a Mandatory Injunction directing the defendants  3 to 7 to restore the domain

www.getepic.com and www.playosmo.com and ensure its functioning in the platforms of defendants 3 to 7, so as to benefit the plaintiffs and other stakeholders including the subscribers and employees of the plaintiffs; Perpetual injunction restraining the defendants 1 to 7 from interfering with the access of the plaintiff 1 and 2 while exercising lawful right on the domains and websites www.getepic.com and www.playosmo.com and for other ancillary relief's.

3. The 1st plaintiff is a legal entity having its registered office at Ernakulam and the 2nd plaintiff is a sister company of the 1st plaintiff having its registered office at UAE. The 1st defendant herein is a private limited company. The 2nd defendant is a Trustee appointed as per Chapter 11 Trustee of Epic Creations and Tangible Play without legitimate authority over the assets and operations which are validly owned by the plaintiffs. The 3rd defendant is the cloud service application platforms which is used by the Epic Creations and Tangible Play for the online education purposes. The 4th defendant is an agent for selling the platforms which is used by the Epic Creations and Tangible Play for online education purposes. The 5th defendant is the cloud service, application platforms which is used by the Epic Creations and Tangible Play for online education purposes. The 6th defendant is the operational services provider of the Epic Creations and Tangible Play.

4. The 2nd plaintiff had acquired the rights held by one Mr. Riju Raveendran who in turn had acquired the rights by way of a recovery clause in a loan agreement entered between Think and learn private Ltd, a limited company, who was the legitimate owners of two platforms listed on online namely 'Epic Creations Inc.' and the 'Tangible Play Inc'.

5. The Epic Creations and the Tangible Play are two online education platforms providing tutorials and other educational contents to its users on a prepaid manner by way of subscriptions. The subscriptions are collected by the 1st plaintiff on the strength of the promotion cum sale agreement entered on 1.08.2024. The 1st plaintiff has availed the services of a considerable number of employees and is providing subscriptions for nearly 8 lakh end users. The users can avail the services through the domains of Amazon Play, Google Play, and Apple Store etc.

6. The 2nd plaintiff has listed the products on the websites www.getepic.com, and www.playosmo.com.   In the domain of the companies in accordance with the terms stipulated by the service providers and, also by paying the remuneration. The plaintiffs were enjoying the rights as lawful owners of the applications till 25.10.2024, when the 1st plaintiff was denied the access to the 'Stripe account' with account ID

ACT_1Q27TQBNCAhhXgkx has been transferred to jgrall@novo/-advisers.com.

7. The subsequent conduct of the service providers have rendered the entire activity of the Voizzit Information Technology as well as the 1st plaintiff to a standstill. The 1st plaintiff through 2nd plaintiff on an enquiry had identified that, the Stripe account ownership held in the name of the 2nd plaintiff is now illegally transferred to the name of ' jgrall'.  The above mentioned name is noting but a mail id provided by novo advisers. The stripe account number held by the 2nd plaintiff has no connection with the novo advisors. The petitioner has not assented to any such transfer through any mode.  The 2nd plaintiff had purchased the rights held by Mr. Riju Raveendran in Think and learn Private Ltd. by way of the deed" loan agreement dated 04.09.2023". The above loan agreement was having a default clause, and the creditor is having a right of conversion executable by issuance of a return notice.

8. Invoking the above legal mandate, the 2nd plaintiff had acquired the legitimate ownership of two portals promoting education and knowledge through mobile applications and other software held by the debtor Think and learn Pvt. Ltd namely, Epic Creations, Inc. and Tangible play, Inc. The Performa of the Epic and Tangible, and also the domain portfolio was held by the 2nd

plaintiff. Subsequently, on 01.08.2024, the 1st plaintiff and the 2nd plaintiff entered into sale agreement, and jointly enjoyed the benefits of the sale of the software and the user fee had been collected. It was at this juncture, the access to the plaintiff's portfolio registered with the service providers like Google Cloud platform, Amazon Web Services, Microsoft Azure, and The Cloud services, where ended abruptly without any notice.

9. The application providers are the platforms held by Apple Play Store, Google Play Store, and Amazon App Store till 25.10.2024. The applications and the products of the 2nd plaintiff marketed by the 1st plaintiff were available and accessible to the users of the domains. The plaintiffs on enquiry understood that on 29.10.2024, the Delaware bankruptcy Court in the United States appointed the 2nd defendant as Trustee for the US Subsidiaries under the Chapter 11 of the United States Bankruptcy Code. Based on the above appointment, the 2nd defendant applied for an authorization to enter into debtor in possession credit agreement for the purpose of availing credit facility from financing company to run the operations.

10. The application considered by the Delaware bankruptcy Court was filed by GLAS Trust Company LLC, claiming to be a creditor of a company registered in Delaware, named 'BYJUS'S ALPHA Inc'. The above Company is claiming to be the creditor to the 1st

defendant by way of an agreement dated 09.11.2021. The above application was opposed by the 2nd plaintiff raising the contention that the Epic Creations Inc. and the Tangible play Inc. are registered within the territorial jurisdiction of India, and the 2nd plaintiff has acquired the rights by virtue of a loan agreement. The predecessor in interest of the plaintiff is having an exclusive right. Moreover, the 2nd defendant has no legal right to claim authorization to enter into credit agreement. The GLAS Trust Company LLC, who had moved the Bankruptcy Court to appoint the Trustee was not having the requisite percentage of voting from the creditors as contemplated in the Bankruptcy Code. The 2nd plaintiff had also raised a contention that the Trustee who is appointed is claiming to be the representative of the majority creditors. The majority creditors of the 1st defendant have not concurred to the actions initiated by the 2nd defendant.

11. The facts being so, the attempt of the 2nd defendant is to procure an order and interfere in the business and to sell the Intellectual Properties and the websites to the rival companies at a nominal rate. The 2nd plaintiff had approached the legal forums and obtained the directions and judicial declarations to the effect that the 2nd plaintiff is the legal owner of the epic creations and the tangible play, which are operating the websites www.getepic.com and www.playosmo.com. Both websites are being operated by paying the requisite fees and other incidental charges payable

through 'Stripe'. The security and other precautionary measures are handled by the operating software management infrastructure named 'Cloudflare', and the domain management is held by the IT Company named 'Godaddy'. The 2nd defendant had issued communications claiming to be the owner of the site. The Epic Creations is functioning through the site www.playosmo.com, and the interference of the 2nd defendant has caused complete shutdown of the above site and has denied access even to the payment processing interface.

12. This has directly affected the business of the plaintiffs and also more than 50000 Educational Institutions, have lost their access to the materials and the subjects uploaded trough the above websites. The resources and the materials especially the study materials developed by more than 3 lakh teachers across the world is being uploaded, and the log in is password protected for each individual user ID. The academic career of millions of students are also now in an dilemma. Since the access to the websites is being interfered by the 2nd defendant. However, the actions of the 2nd defendant caused the entire business of the plaintiff to a standstill, and the letters issued has caused to an abrupt end of the usage of the domains websites and other incidental services received from the service providers defendant 3 to 5 rendering loss equivalent to billions of rupees. Hence the plaintiffs are under the bankruptcy.

13. The 1st plaintiff is a registered legal entity having its registered office at Ernakulam, and the 1st plaintiff is aggrieved by the illegal and arbitrary denial of access to the domain and the websites www.getepic.com and www.playosmo.com. Most of the employees and the working capital of the 1st plaintiff is situated within the jurisdiction of this Hon'ble Court.

14. It is submitted that since the plaintiffs has lost their access to the domains legitimately owned by them have now required to get a declaration, and consequential relief of permanent mandatory and prohibitory injunction from this Hon'ble Court that the 2nd plaintiff is the legal owner of the domain and the websites www.getepic.com and www.playosmo.com. The subject matter of the above case is arising out of a commercial transaction between the plaintiffs and defendants, and the plaintiffs are entitled to get a declaration, and consequential relief of permanent mandatory and prohibitory injunction from this Hon'ble Court.

15. The transactions between the plaintiffs and the defendants are exclusively commercial in nature, and therefore the subject matter of the suit is a commercial dispute under the Commercial Courts Act, 2015.

16. The plaintiffs have produced 4 documents along with the plaint and the nature and details of the same are stated in the list of documents. The document no.1 is Certificate of Incorporation of the 1st plaintiff under the Companies Act, 2013, and document no.2 is Exclusive sale and marketing agreement between the plaintiff 1 and 2, and document no.3 is the certificate of ownership declared by the Dubai Courts, and document no.4 is the email communication between the 1st plaintiff and the 6th defendant.

17. The above suit contemplates urgent interim relief against the 2nd defendant who is taking up coercive actions by way of selling the assets which is in exclusive ownership of plaintiff 1 and 2 and therefore the plaintiffs are seeking leave of this Hon'ble Court to dispense with the Pre-Institution Mediation contemplated under Section 12A of the Commercial Courts Act, and for that purpose a separate application is filed in the suit.

18. It is submitted that, the defendants 3 to 7 have completely denied access to the domains owned by the plaintiffs, at the request of the 2nd defendant, and the 2nd defendant is vexatiously trying to grab and dispose of the assets and all other tangible and intangible properties without having any authority. Therefore, interference of this Hon'ble Court is warranted by issuing temporary prohibitory injunction restraining the

respondents 3 to 7 from interfering with the access of the petitioners to the domain websites www.getepic.com and www.playosmo.com, and all other ancillary web sites and applications. If a temporary prohibitory injunction is denied, the petitioners as well as the other stake holders including thousands of students who have subscribed the service of the petitioners, and employees of the petitioners would be subjected to much difficulties and harships.

Hence, in the interest of justice, it is humbly prayed that this Hon'ble Court may be pleased to pass a temporary prohibitory injunction restraining the respondents 3 to 7 from interfering with the access of the petitioners to the domain websites www.getepic.com and www.playosmo.com, and all other ancillary web sites and applications. The accompanying petition filed for the said purpose may kindly be allowed.

All what is stated above are true and correct.
Dated this the 20th day of November, 2024

Deponent

Solemnly affirmed and signed before me by the deponent who is personally known to me, on this the 20th day of November,2024 at my office in Ernakulam.

Advocate

**BEFORE THE HONOURABLE COMMERCIAL COURT
AT ERNAKULAM**

### I.A.NO.　　　　　OF 2024

In

### C.S.NO.　　　　　OF 2024

PETITIONERS/PLAINTIFFS

1.  Voizzit Technology Pvt. Ltd
    (CIN U72900KL2020PTC061966)
    48/1391, 1C, Plumflower,
    Mather Constructions Pvt Ltd,
    Opposite Gold Souk, Vyttila,
    Ernakulam, Kerala, India, 682019
    Through its Managing Director Rajendran Vellappalath,
    Aged 51 years, S/o Balakrishnan Nair,
    Vellappalath House, Kanniparamba P.O,
    Mavoor Via, Kozhikode, Kerala,
    Pin – 673661.

2.  Voizzit Information Technology LLC
    (Commercial License No. 1047170)
    Office No. 732, Business Village,
    B Block Deira, Dubai, UAE
    Through its Managing Director
    Rajendran Vellappalath, Aged 51 years, S/o Balakrishnan Nair,

Vellappalath House, Kanniparamba P.O,
Mavoor Via, Kozhikode, Kerala,
Pin – 673661.

Vs

**Respondents/ Defendants**

1. Think and Learn Pvt Ltd,
   IBC Knowledge Park,
   2nd Floor, Tower D, 4/1,
   Bannaerghatta Main Road,
   Bengaluru, Karnataka – 560029.
   Represented by its Managing Director

2. Claudia Springer,
   Age not known, As Chapter 11 Trustee,
   Novo Advisers Corporate Head Quarters,
   401 N, Franklin Street, Suite 4,
   East Chicago, Illinois - 60654,

3. Google India Pvt Ltd,
   3rd Floor, Prestige Sigma,
   No.3, Vittalmallya Road,
   Bangalore – 560001.
   Represented by its Managing Director

4. Amazon India Pvt Ltd
   Through its India Head,
   Having office at 8th Floor,
   Bridge Gate Way 26/1,
   Bridge Ward Trade Center,
   Dr.Rajkumar Road,
   Bangalore – 560055
   Represented by its Managing Director

5. Microsoft Corporation (India) Pvt Ltd,
   807, New Delhi House,
   New Delhi -110001.
   Represented by its Managing Director

6. Stripe Payment India Pvt Ltd,
   Unit No.102, 1st Floor, Tower 1,
   One International Centre, Senapathi Bapat Marg,
   Lower Parel, Mumbai -400013
   Maharashtra.
   Represented by its Managing Director

7. Apple India Pvt Ltd,
   19th Floor, Concorde Tower C, UB City, No.24,
   Vittal Mallya Road, Bengaluru – 560001.

## PETITION FOR TEMPORARY PROHIBITORY INJUNCTION FILED UNDER ORDER XXXIX RULES 1 & 2 r/w S.151 OF THE CODE OF CIVIL PROCEDURE

For the reasons stated in the accompanying affidavit, it is respectfully prayed that this Hon'ble Court be pleased to pass a temporary prohibitory injunction restraining the respondents 3 to 7 from interfering with the access of the petitioners to the domain websites www.getepic.com and www.playosmo.com, and all other ancillary web sites and applications.

Dated this the 20th day of November, 2024

Counsel for the Petitioners/Plaintiffs

## BEFORE THE HONOURABLE COMMERCIAL COURT
## AT ERNAKULAM

### C.S.No.        of 2024

Voizzit Technology Pvt. Ltd & anr          :          Plaintiff

Vs

Think and Learn Pvt Ltd & others          :          Defendants

## <u>INJUNCTION SCHEDULE OF PROPERTY</u>

The operating domain in the name and style www.getepic.com
and www.playosmo.com and all incidental applications uploaded
from the site above mentioned listed in Google play, Amazon and
Micro Soft and Apple Store held by the Epic Creations INC and
Tangible Play INC and all other rights and improvements attached
thereto.

Dated this the 20th day of November,2024

Counsel for the Petitioners/Plaintiffs

Presented on  :  20/11/2024

**BEFORE THE BEFORE THE HONOURABLE
COMMERCIAL COURT AT ERNAKULAM**
1 ᗑ 2 |'24
**C.S.No.** 118 **of 2024**

Voizzit Technology Pvt. Ltd & anr:          Plaintiff

Vs
Think and Learn Pvt Ltd & others :      Defendants

PETITION FOR TEMPORARY PROHIBITORY
INJUNCTION FILED UNDER ORDER XXXIX
RULES 1 & 2 r/w S.151 OF THE CODE OF
CIVIL PROCEDURE



-----------------------------------------------------------

**SREEKUMAR G CHELUR
COUNSEL FOR THE PLAINTIFFS**